UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS J.S.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-07779-TLN-AC<br><br>A# 222-597-539<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Alexis J.S.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) Respondents filed an answer. (ECF No. 6.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States without inspection approximately four years ago. (ECF No. 6-1 at 2.) Petitioner states his family and friends have suffered financial hardship from his continued detention. (ECF No. 2 at 5.)

On August 11, 2026, Petitioner was arrested for driving under the influence by local law enforcement in Utah. (ECF No. 6-1 at 2.) He was subsequently encountered by immigration authorities in the local jail, and Petitioner was transported to U.S. Immigration and Customs Enforcement ("ICE") detention. (*Id.*) Petitioner was eventually transferred to the California City ICE Detention Facility. (ECF No. 1 at 1.)

Petitioner filed the instant+ Petition on September 23, 2026. (*Id.*) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 6.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

///

///

///

///

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 6.) Respondents claim Petitioner is detained pursuant to 8 U.S.C. § 1226(a) ("§ 1226(a)") and eligible for bond. (ECF No. 6 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner developed an interest in his own liberty during the four years he spent living freely in the United States prior to his current detention, and that interest only strengthened over time. Even if he is subject to removal or his freedom could be revoked by

statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondents do not challenge Petitioner's liberty interest. Accordingly, Petitioner maintains a clear interest in his continued freedom protected by the Due Process Clause.

B. <u>Process Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). These factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a significant private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Although Respondents filed documentation of Petitioner's arrest, they do not argue Petitioner's arrest is a ground for mandatory detention, nor claim Petitioner poses a danger to the community or is a flight risk. (*See generally* ECF No. 6.) Without any showing by Respondents of a legitimate interest in detaining Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously

deprived of his liberty interest. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025).

Finally, the government's interest in detaining Petitioner without notice or a hearing is low, and the effort and cost required to provide him with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine processes for Respondents. Indeed, they are the very processes required under 8 U.S.C. § 1226(a) and its implementing regulations. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. Petitioner has not received any such hearing in nearly two months of detention. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Alexis J.S. (A# 222-597-539) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide a copy of this Order. Respondents must file a **notice certifying compliance** with this provision **within two (2) court days** from the date of this Order.

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's

constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 2, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE